UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| REX K. GROVES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 2:17-cv-00304-WTL-MJD |
| SAMUEL J. BYRD Dr., ) | |
| FOSTER Officer, WEXFORD MEDICAL ) | |
| SERV., BLACKMAN SGT., WALTERS ) | |
| OFFICER, I.D.O.C. Commissioner, ) | |
| ) | |
| Defendants. ) | |

**Entry Denying Motion for Temporary Restraining Order,
Granting Motion to Dismiss Defendant Officer Foster,
and Denying Motion to Stay as Moot**

Rex Groves filed this case on June 29, 2017, complaining of rectal bleeding and seeking, among other forms of relief, a temporary restraining order requiring defendants to immediately provide certain medical treatment and procedures. Defendants have responded in opposition to injunctive relief. Groves has now moved to stay the injunctive relief request asserting that he is scheduled for rectal surgery. Groves also moves to dismiss defendant Officer Foster. For the reasons explained below, the motion for a temporary restraining order, Dkt. No. 5, is **denied**. The motion to dismiss defendant Officer Foster, Dkt. No. 50, is unopposed and is **granted**. The motion to stay the injunctive proceedings, Dkt. No. 54, is **denied as moot**.

**I. Injunctive Relief**

A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need. *Goodman v. Ill. Dep't of Fin. and Prof'l Regulation*, 430 F.3d 432, 437 (7th Cir. 2005). A party seeking a preliminary injunction must show (1) that his case has "some likelihood of success on the merits," and (2) that he has "no adequate remedy at law and will suffer

irreparable harm if a preliminary injunction is denied." *Ezell v. City of Chi.,* 651 F.3d 684, 694 (7th Cir. 2011). If the moving party meets these threshold requirements, the district court "weighs the factors against one another, assessing whether the balance of harms favors the moving party or whether the harm to the nonmoving party or the public is sufficiently weighty that the injunction should be denied." *Id.* The district court's weighing of the facts is not mathematical in nature; rather, it is "more properly characterized as subjective and intuitive, one which permits district courts to weigh the competing considerations and mold appropriate relief." *Ty, Inc. v. Jones Group, Inc.,* 237 F.3d 891, 895–96 (7th Cir. 2001) (quoting *Abbott Labs. v. Mead Johnson & Co.,* 971 F.2d 6, 12 (7th Cir. 1992)).

Groves' Eighth Amendment claim is that officials were deliberately indifferent to his serious medical needs. To make a successful Eighth Amendment claim, Groves must show that (1) he suffered from an objectively serious medical condition; and (2) the defendant knew about his condition and the substantial risk of harm it posed, but disregarded that risk. *Farmer v. Brennan*, 511 U.S. 825, 8374 (1994); *Pittman ex rel. Hamilton v. County of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014); *Arnett v. Webster,* 658 F.3d 742, 750-51 (7th Cir. 2011).

At this stage of the litigation, Groves cannot show a likelihood of success on the merits. In his complaint, Groves notes that when he had medical issues associated with his rectal bleeding, he was seen within two hours by a Wabash Valley Correctional Facility medical provider. Officers contacted medical personnel without delay. In their response to the motion for a temporary restraining order, the medical defendants note that Groves is scheduled for surgery to address the rectal bleeding issues. Groves confirms this in his motion to stay the injunctive relief proceedings. Therefore Groves has not shown a likelihood of success on the merits that defendants disregarded a risk of substantial harm to him.

"Irreparable harm is harm which cannot be repaired, retrieved, put down again, [or] atoned for. . . . [T]he injury must be of a particular nature, so that compensation in money cannot atone for it." *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 296 (7th Cir. 1997). While Groves describes his condition as "life-threatening," he has come forward with no evidence to support this conclusion. There is thus no evidence that Groves will experience an injury that cannot be repaired.

In this context and at this stage Groves cannot show a likelihood that he will prevail on a deliberate indifference claim and has not shown irreparable harm. Therefore his motion for a temporary restraining order, Dkt. No. 5, must be **denied**.

## II. Motion to Stay Injunctive Relief Proceedings

Groves' motion to stay the injunctive relief proceedings, Dkt. No. 54, is **denied as moot** in light of the ruling in Section I, *supra*.

## III. Motion to Dismiss Defendant Officer Foster

Groves' September 20, 2017, motion to dismiss Officer Foster, Dkt. No. 50, is unopposed and is **granted**. **The clerk is directed** to terminate Officer Foster as a defendant.

**IT IS SO ORDERED**.

Date: 10/11/17

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

Rex K. Groves, 196799
Wabash Valley Correctional Facility - Inmate Mail/Parcels
Electronic Service Participant – Court Only

**Note to Clerk: Processing this document requires actions in addition to docketing and distribution.**